## Scoville v. Edwards.

(Decided June 27, 1928.)

### Appeal from Laurel Circuit Court.

Partnership.—Where partner, selling his share of partnership to other partner, represented that firm was indebted only in stated sum, of which he agreed to pay one-half, but it later appeared that existing indebtedness was considerably more, all of which was paid by purchasing partner, held that, in action by selling partner on such contract of sale, defendant was entitled to have one-half of existing indebtedness credited on purchase price.

WILLIAM LEWIS & SON for appellant.

HENRY C. HAZELWOOD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In this action at law D. S. Edwards alleged that he sold Mrs. Grace Scoville a one-half interest in the London Bottling Works on the 16th of September, 1921, for which she agreed to pay $1,000, and on which she had paid $421.54, leaving a balance due of $578.46, for which he sought recovery. Defendant admitted the contract of sale, but claimed credits by way of counterclaim, in which she affirmatively alleged that in the month of March, 1921, she and plaintiff entered into a partnership for the manufacture of bottled drinks, each advancing an equal amount of capital. The business was conducted by plaintiff as manager and bookkeeper, for which he was paid a salary of $75 per month, and he undertook to correctly keep all accounts and keep the firm advised as to the condition of the business. The business was conducted until September 26th of that year, when she, through her husband as agent, purchased plaintiff's interest in the business. At that time the firm had on deposit $258.78, and there was due it in solvent accounts the sum of $543.75. Plaintiff agreed to collect the latter, and credit her obligation by one-half those amounts.

She further alleged that, at the time of purchase, the plaintiff represented to her agent that the firm was indebted to only one person, A. B. Willis, in the sum of $84.40; that he agreed to pay one-half of that indebtedness and her husband the other one-half. She alleges, however, that the plaintiff failed to pay any part of the

Willis debt and that the firm was indebted to other parties in various sums, the entire amount aggregating $265, all of which she has since paid, and which she asks to have credited on the note.

She further alleges that the London Bottling Company ran a booth at the Laurel county fair in the fall of 1921, and prior to her purchase, which realized a net profit of $191; that a similar booth was conducted at Bond in Jackson county in July, 1921, at a profit of $90, and that at a similar booth at the Bond fair in September, 1921, the company earned $100 profit; that all of these sums were received and retained by plaintiff without accounting to the firm therefor, and for which he was and is justly indebted to her; that these facts were unknown to her at the time of purchase, and she was entitled to credit therefor. Other items of like character were also pleaded, but no fraud or mistake alleged, nor cancellation of the contract sought.

Proper pleadings made up the issues, and, over the objection of defendant, the case was transferred to equity, and referred to the master commissioner to audit and settle the partnership accounts. The books were audited by an expert accountant, but lost before the trial. The master commissioner found for the defendant practically all of the items claimed by her, but the court sustained exceptions to his report in toto, and rendered judgment for plaintiff for the full amount of his claim. Defendant appeals.

Much proof was taken, and by stipulation it was agreed that the amount of indebtedness was as claimed by defendant, and that it had been paid by her. The evidence of plaintiff's husband who made the contract as her agent conforms closely to the allegations of her pleadings, and is not denied by defendant. Indeed, all parties appear to be perfectly frank and sincere in their testimony.

It may be stated that the profits arising from the various booths were practically as claimed by defendant, but it clearly appears that within a few days after the termination of each of these transactions, plaintiff deposited to the credit of the company in the bank a sum considerably in excess of the amount claimed by defendant to have been earned. The deposit slips were filed in evidence, and in each instance show the deposit to have consisted mainly of nickels, dimes, and currency, and we think this in a measure sustains plaintiff's uncontra-

dicted evidence that he did thus account to the firm for all the funds coming into his hands, and that he was not indebted to it at the time of the sale. In this view of the case, it is unnecessary to determine whether under the contract of sale he would have been liable to defendant for firm moneys appropriated by him not appearing on the books and not disclosed by him. But as to the firm indebtedness he has actually incurred some liability to defendant. He represented that the firm was indebted only $84, of which he agreed to pay one-half. It later appeared that the total existing indebtedness, including that above named, aggregated $265, all of which was paid by defendant. If his undertaking should be regarded as a warranty of the condition of the business and as forming part of the consideration of the contract, perhaps he could be held liable for the full amount of the undisclosed indebtedness, in addition to the $42.20 which he agreed to pay. But, as at that time the firm and each of the parties was obligated for the full amount of the indebtedness, the more reasonable construction and the one we adopt is that it was intended for each of the parties to pay one-half the existing indebtedness, which would be equivalent to the total indebtedness being deducted from the firm assets, and which would diminish the value of each partner's share one-half the indebtedness. On this basis the defendant was entitled to recover $132.50 on her counterclaim, and to have that sum credited on plaintiff's debt.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.